## McGEHEE *vs.* THE STATE.

1. Under an indictment for resisting process, if the time of the commission of the offence is shown by the indictment itself to have been after the return day of the process, it is fatally defective on error.

ERROR to the Circuit Court of St. Clair.

Tried before the Hon. EDMUND W. PETTUS.

THOMAS J. McGEHEE, the plaintiff in error, was indicted at the Spring term, 1852, of the Circuit Court of St. Clair, for resisting process in the hands of a constable. The offence was charged to have been committed on the first day of March, 1852; while the process, which is set out in the indictment, was returnable on the tenth day of January, 1852, before the justice of the peace who had issued it. Having been found guilty by the verdict of a jury, the defendant moved in arrest of judgment, " because the indictment does not charge any offence against him ; but defendant not being in court, the motion was overruled, and defendant's counsel excepted."

B. T. POPE, for the plaintiff in error.

M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—The indictment is fatally defective, the alleged resistance being charged to have been committed after the process had spent its force and was *functus officio.*

Judgment reversed, and cause remanded.