## ADAMS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1917.)

No. 3047.

INDICTMENT AND INFORMATION ⬭87(2)—SUFFICIENCY OF DATE.

An indictment presented on March 16, 1916, which charged that heretofore, to wit, on the 1st day of November, 1916, at or near Attalla, in the county of Etowah, state of Alabama, defendant did steal from the mails, etc., and further alleged that the registered package stolen was mailed on November 6th, 1915, is not subject to demurrer on the ground that the date laid as the date of the theft was an impossible one occurring after the finding of the indictment, for, in view of the other allegations, the indictment informed accused of the offense charged and would support a plea of former jeopardy.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

John Quincy Adams was convicted of stealing from the mail, and he brings error. Affirmed.

David S. Anderson, of Birmingham, Ala., for plaintiff in error.

Robert N. Bell, U. S. Atty., and Ralph W. Quinn, Asst. U. S. Atty., both of Birmingham, Ala.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. John Quincy Adams was indicted for stealing from the mail. The indictment was presented on the 16th of March, 1916. It charges that:

"Heretofore, to wit, on the first day of November, A. D. 1916, at or near Attalla, in the county of Etowah, state of Alabama, the defendant did steal," etc.

Among the several attacks on the indictment is a demurrer presenting the point that it charges the commission of the offense at an impossible date. The indictment recites that the offense was committed "heretofore"; it states definitely that a definite thing was done; it recites that the package containing the registered matter alleged to have been stolen was mailed at New Orleans, on November 6, 1915, labeled "New York City"; that the bag was being carried by the post office establishment; that it came into possession of defendant as a railway postal clerk; that while it was being so forwarded it was stolen. There could be no question about the date intended. The use of 1916, instead of 1915, is a manifest clerical error. It is an error of a kind that occurs in thousands of writings every year. The indictment sufficiently identifies the offense, if it should ever be necessary to make a plea of former jeopardy. The defendant was given ample notice of the particular charge to which he was called upon to offer a defense. He has suffered no loss; been put to no disadvantage; been deprived of no right.

Defendant cites many authorities in support of his demurrer. It may be that the facts above detailed, showing clearly the character of the error, differentiate this case from the cases cited by defendant. If the difference does not exist, then we are not inclined to follow the authorities. A manifest clerical error in an indictment, resulting in no harm to the defendant, should not be permitted to defeat or retard justice. The demurrer was properly overruled.

Other objections to the indictment are technical, lacking substance. The judgment is affirmed.