## BREWER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 30, 1923.)

No. 283.

1. **Indictment and information 202(1)—Imperfections of indictment cured by verdict.**

   All mere omissions or imperfect allegations of an indictment are supplied or cured by verdict.

2. **Post office 35—Essence of offense of using mails to defraud is fraudulent nature of scheme.**

   The essential element of the offense under an indictment for using the mails to defraud is the fraudulent character of the scheme, and it is not necessary to conviction that the letters or other matter mailed should contain anything criminal, or even objectionable.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against William S. Brewer. Judgment of conviction, and defendant brings error. Affirmed.

William S. Brewer, pro se.

Maxwell S. Mattuck, Asst. U. S. Atty., of New York City.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. In the court below the jury adjudged plaintiff in error guilty of devising a scheme to defraud, and using the post office establishment of the United States for the purpose of executing the same or attempting so to do. Criminal Code, § 215 (Comp. St. § 10385).

[1] There is no bill of exceptions; nothing is before us but the judgment roll; and the only argument made, or possible to make, is that the indictment avers nothing constituting the crime for which sentence was imposed. All mere omissions or imperfect allegations are supplied or cured by verdict. Bishop, New Crim. Proc. vol. 1, § 707a. Were it not for the unusual circumstance of plaintiff in error presenting his appeal in person, and the apparent confidence of his argument, we would have thought it unnecessary to restate the elementary law concerned. We cannot review facts not before us, nor consider whether evidence furnished any basis, however slight, for the verdict. Our power is confined to ascertaining whether, on the assumption that every allegation of fact in every count was properly and fully proven, and that criminal intent was also shown, the charge so proven amounts to the crime defined in section 215.

Although there are six counts, the scheme to defraud is single; the counts vary only in varying the use made of the post office. The nature of that scheme is not difficult either of statement or of comprehension. Defendant below was charged with selling through men garbed as soldiers, and by the personal solicitations of such men, publications—i. e., pamphlets—of a movingly patriotic character, and doing the same in such manner as to create the impression upon purchasers (in 1920) that what they paid for the publications would recruit the funds of a "League" to assist the "wounded and crippled veterans" of the World War. This, says the indictment, was untrue, for the sale price went, three-fifths to the salesmen and two-fifths to plaintiff in error.

[2] The case has been argued as if it were necessary to show something criminal, or at least of evil intent, in the language of the letters which vary the counts. This is merely untrue. All that is necessary in respect of such letters or other documents passing through the post office is that they should be posted with the intent of aiding or furthering the execution of the scheme. What, in prosecutions of this kind, are called the "indictment letters," may be, and usually are, innocuous enough per se. It is not what they say, but the use to which they are put, that renders them important under the statute. Gouled v. United States [C. C. A.] 273 Fed. 506, at page 508.

The substantial charge in this indictment is that a plan or device or enterprise, fair and even meritorious upon its face, was in point of fact corruptly intended solely for the pecuniary profit of plaintiff in error and of those persons (who might or might not be ex-soldiers) who appealed to the pockets and sympathies of the public by and through the uniforms they wore. The vital point in any trial under this indictment was not so much what was done in the way of printing pamphlets and selling them, but the spirit and intent in which such selling was conducted. Then it was for the jury to measure the proven promise and the proven performance of plaintiff in error. From such measurement of promise and performance the jury evidently found a criminal intent, and we are wholly unable to see why they should not have done so on the assumption (necessary as above shown) that every allegation in the complaint, including that of criminal intent, was amply proven.

The judgment must be and is affirmed.