## LUND v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 11, 1927.

No. 7457.

1. **Indictment and information** ⬅⟹71—**Information or indictment must state nature of offense, so as to sufficiently apprise accused of offense charged.**

An information or indictment must state nature of offense so accurately and clearly as to sufficiently apprise accused of offense charged, so that proper defense may be made, and, if accused be convicted thereon, that judgment rendered will be a bar to another prosecution for same offense.

2. **Indictment and information** ⬅⟹202(7)—**Clerical error in information, as charging maintaining nuisance in 1925, when date in fact was in 1924, held cured by verdict (Comp. St. § 1691).**

In view of Rev. St. § 1025 (Comp. St. § 1691), preventing mere clerical error from invalidating an indictment or information, clerical error in information, charging maintenance of nuisance as of October 25, 1925, when date in fact was in October, 1925, *held* cured by verdict of guilty, where trial proceeded on theory that true date was as alleged, and accused had knowledge that she was charged with offense as of that date.

3. **Criminal law** ⬅⟹1167(1)—**Clerical error in indictment, resulting in no harm, will not be permitted to defeat or retard justice.**

Manifest clerical error in indictment, resulting in no harm to defendant, should not be permitted to defeat or retard justice.

4. **Criminal law** ⬅⟹599—**Filing information for maintaining nuisance on day set for trial on charge of sale of liquor held not to require continuance.**

Filing information charging maintenance of a common nuisance on day set for trial on information charging sales of intoxicating liquor *held* not to require continuance on ground of surprise, since there could have been no surprise as to nature of offenses, both of which were commingled.

5. **Criminal law** ⬅⟹1036(1)—**Question of validity of search warrant, presented for first time in appellate court, was too late.**

Presenting question relative to validity of search warrant for first time in Circuit Court of Appeals was too late.

6. **Criminal law** ⬅⟹878(3)—**Finding of not guilty of sales on October 23d and 24th is not conclusive on question of maintaining nuisance on 25th.**

Finding of jury that defendant was not guilty of sales of intoxicating liquor on October 23d and 24th *held* not conclusive as to question of maintaining nuisance on October 25th.

In Error to the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux.

Bertha Lund was convicted of maintaining a common nuisance, by keeping a place where liquor was sold, and she brings error. Affirmed.

Frank J. Collins, of Minneapolis, Minn. (McDonald, Johnson & Collins, of Minneapolis, Minn., on the brief), for plaintiff in error.

James A. Wharton, Asst. U. S. Atty., of St. Paul, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before KENYON, Circuit Judge, and SYMES, District Judge.

KENYON, Circuit Judge. Plaintiff in error was tried on two informations, consolidated for the purpose of trial; one in two counts charging the sales of intoxicating liquor contrary to law on October 23 and 24, 1924, respectively. The other charged the maintenance of a common nuisance on October 25, 1925, by keeping a place where intoxicating liquors were kept and sold in violation of law. Plaintiff in error was acquitted on the sale charges and convicted on the nuisance charge. A motion for arrest of judgment was filed, which raised for the first time the question that the information charged the maintenance of a nuisance as of October 25, 1925, when the information was filed April 8, 1925.

[1] An information or indictment must state the nature of the offense so accurately and clearly as to sufficiently apprise the accused of the offense charged, so that proper defense may be made, and, if accused be convicted thereon, that the judgment rendered will be a bar to another prosecution for the same offense. United States v. Cook, 17 Wall. 168, 174, 21 L. Ed. 538; Rosen v. United States, 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606; Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162. Section 1025, Rev. St. U. S. (Comp. St. § 1691), prevents a mere error of form from invalidating an indictment or information. It is as follows: "No indictment found and presented by a grand jury in any District (or Circuit) or other Court of the United States shall be deemed insufficient, nor shall the trial judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." While, of course, an information is faulty which states the alleged date on which an offense was committed as after the time of the finding of the indictment or filing of the information, yet the date is generally a matter of form, unless the crime laid is under a statute which makes the date an essential part of the crime. That is not the situation here. Adams v. United States (C. C. A.) 246 F. 830, is a case very similar to this. There an indictment presented on March 16, 1916, charged the offense as committed on November 1, 1916. The court held it was a mere clerical error. In Nigro v. United States, 7 F.(2d) 553, 560, this court said: "Now, we are not unmindful of the rule that when, in an indictment, a defendant is charged with the commission of an offense as of a particular date, the prosecution is not bound to establish the offense as of that particular date. It is well settled that, if the date specified in the indictment is an erroneous one, the prosecution will not be precluded from proving the offense at the time it in fact was committed, if at any time within the statutory period of limitation, and in cases such as this three years." See, also, Taylor v. State, 169 Ark. 589, 276 S. W. 577; Saunders v. State (Okl. Cr. App.) 244 P. 55; Hume v. United States (C. C. A.) 118 F. 689.

[2] Both parties in the case seem throughout the trial to have considered the date of the alleged offense as October 25, 1924. The evidence introduced covers a period from October 20 to October 25, 1924. Frequent reference throughout the case is made by counsel on both sides to the date of the offense as October 25, 1924. The clerk of the court made the docket entry as to the information that it charged violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) as of that date. The court instructed the jury that defendant was charged by the information with having maintained a nuisance on October 25, 1924. No objections were made or exceptions taken to the instructions. The accused knew full well, as her testimony shows, that she was charged with an offense as of that date. The error in the date apparently was not discovered until about the time a motion in arrest of judgment was filed. Clearly the erroneous date was a mere clerical error, and went to the question of form rather than substance. No one connected with the trial of the case was deceived thereby. No demurrer or objection was made to the information, and in our judgment this apparent clerical error was cured by the verdict of guilty.

In Dunbar v. United States, 156 U. S. 185, 191, 192, 15 S. Ct. 325, 328 (39 L. Ed. 390) the Supreme Court states the applicable rule as follows: "Further, no objec-

jection was made to the sufficiency of the indictments by demurrer, motion to quash, or in any other manner until after the verdict. While it may be true that a defendant, by waiting until that time, does not waive the objection that some substantial element of the crime is omitted, yet he does waive all objections which run to the mere form in which the various elements of the crime.are stated, or to the fact that the indictment is inartificially drawn." In Goode v. United States, 12 F.(2d) 742, 743, this Court said, "The sufficiency of the indictment was not challenged until after conviction, and its defects if any were cured by the verdict." See, also, Shilter v. United States (C. C. A.) 257 F. 724; Thompson v. United States (C. C. A.) 283 F. 895; Brewer v. United States (C. C. A.) 290 F. 807; Terrell v. United States (C. C. A.) 6 F.(2d) 498; Gray v. United States (C. C. A.) 9 F.(2d) 337.

It is practically the unanimous voice of the authorities that where the sufficiency of an information or indictment is not questioned by demurrer or appropriate remedy, any defect of form, though not of substance, is cured by a verdict of guilty, and unless such defect affects substantial rights of defendant, any objection based thereon will not be considered by the appellate court.

[3] It is to be noted, also, that the information in referring to the maintenance of the common nuisance uses the language "heretofore." Something could not be "heretofore," if it was hereafter. It also states that the nuisance had been maintained, which, of course, negatives any idea that it was attempting to charge something which had not been done. The language shows the information intended to charge the offense as of the 25th day of October, 1924. We are satisfied plaintiff in error, by the clerical error as to date, was deprived of no constitutional right to be advised of the nature of the offense and suffered no prejudice thereby. As said by the court in Adams v. United States (C. C. A.) 246 F. 830, 831: "A manifest clerical error in an indictment, resulting in no harm to the defendant, should not be permitted to defeat or retard justice."

[4] Plaintiff in error argues she was taken by surprise, by the filing, on the day set for the trial of the first information, of the other information charging the common nuisance. There could have been no surprise as to the nature of the offense, for all the offenses were somewhat commingled, and the surprise was not such as to lead to a request for a continuance. However, the question was

in no way preserved for the consideration of the appellate court.

[5] The same may be said as to the argument concerning the validity of the search warrant. That question is first presented in this court, which is too late.

[6] As the jury found defendant not guilty as to the sales charges, it is claimed the evidence is insufficient to sustain the verdict of guilty on the nuisance information. Defendant could have been guilty of maintaining the nuisance, even if no sales were made on the dates charged in the first information. The finding of the jury that defendant was not guilty of the sales charged to have been made on the 23d and 24th of October, 1924, is not conclusive at all on the question as to the maintenance of a nuisance on October 25, 1924. We have carefully read and considered the evidence. There is no necessity of reviewing it here. We are satisfied it was ample to sustain the verdict of the jury.

The judgment is affirmed.