THE STATE OF DELAWARE v. NORMAN KEITH BLENDT.

(*February* 3, 1956.)

HERRMANN, J., sitting.

*Herbert L. Cobin,* Chief Deputy Attorney-General, and *Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the State.

*Henry J. Ridgely* for the defendant.

Superior Court for New Castle County, No. 103, Criminal Action, 1955.

HERRMANN, J.:

Two questions are presented for decision: (1) Is an indictment for manslaughter fatally defective because it charges the commission of the offense on an impossible date; and, if not, (2) may the indictment be amended by the Court to show the intended date?

The Indictment, returned on March 7, 1955, charges that on September 30, 1955, the defendant operated a motor vehicle on U. S. Route 13 in New Castle County in such felonious manner,

therein more particularly averred, as to kill Lewis O. Harry, a passenger in the defendant's automobile when it collided with a truck operated by Ernest Fred Weber. On March 9, 1955, the defendant was arraigned and entered a plea of not guilty to the Indictment. On the same day, the defendant filed a motion for discovery and inspection requesting that the Attorney General be directed to permit the defendant, *inter alia*, to inspect the police report "concerning the investigation of that certain accident which occurred on September 30, 1954 on U. S. Route 13. * * *." In the motion, the defendant alleged that the requested discovery relating to the accident of September 30, 1954, was necessary for the defense of this action. Thereafter, the defendant filed the pending motion to dismiss the Indictment on the ground that it fails to charge an offense because it alleges the commission of a crime on an impossible date, *i.e.*, a date subsequent to the date of the return of the Indictment. The State countered with a motion that the Indictment be amended to change the date of the offense from September 30, 1955, to September 30, 1954.

It has been held by this Court that the date alleged in an indictment is immaterial, where the date is not an essential part of the crime, if it is proven to the satisfaction of the trier of fact that the offense was committed within the period of limitations prior to the finding of the indictment. See *State v. Cole*, 2 *Boyce* 184, 78 *A.* 1025.

Manslaughter is one of those crimes as to which the matter of date is not an essential or a material matter. Thus, in the instant case, the error in the Indictment was not a defect of substance; it was a defect of form only. As such, the error is not fatal to the Indictment if there is no prejudice to the substantial rights of the defendant. See 11 *Cyclopedia of Federal Procedure*, 3d *Ed.*, § 42.78; *Lund v. United States*, 8 *Cir.*, 19 *F.* 2d 46; *Adams v. United States*, 5 *Cir.*, 246 *F.* 830. A mistake of form, resulting in no substantial harm to the defendant, should not be permitted to retard or defeat the administration of justice. Compare *Lucas v. United States*, 88 *U. S. App. D. C.* 160, 188 *F.* 2d 627.

■ The question, then, is whether any substantial right of the defendant may be prejudiced by the obvious clerical error here involved. No such harm can be asserted if the Indictment is sufficiently certain, definite and understandable (1) to enable the defendant to prepare his defense and (2) to enable him to interpose a judgment in this case as a bar to another prosecution for the same offense. The spirit of our new Criminal Rules prohibits "fine combing" of an indictment for formal and technical defects. Generally, under our new Rules,[1] *Del. C. Ann.*, an indictment should be sufficient if it fulfills its basic purpose of acquainting the defendant with the offense charged sufficiently to enable him to prepare his defense and to protect himself against double jeopardy. See *Risken v. United States*, 8 *Cir.*, 197 F. 2d 959; *Berg v. United States*, 9 *Cir.*, 176 F. 2d 122.

■ In my opinion, the defendant will suffer no possible prejudice to his substantial rights by reason of the faulty Indictment in this case.

First, it is manifest that the defendant is not being mislead in the preparation of his defense. Unquestionably, he knows that he is charged with the death of Harry on September 30, 1954, rather than September 30, 1955. It is elementary that to accuse one of a crime is to state that the crime charged occurred prior to the accusation. See *People v. Myers*, 1 *Cal. App.* 2d 620, 37 *P.* 2d 191; *Barnett v. State*, 183 *Ark.* 884, 39 S. W. 2d 321. All of the allegations of the Indictment are cast in the past tense and the defendant's motion for discovery and inspection, addressed to the accident of September 30, 1954, demonstrates conclusively that he has not been mislead by the obvious clerical

---

[1]Criminal Rule 7(c) provides that an indictment shall be a "plain, concise and definite written statement of the essential facts constituting the offense charged."

Criminal Rule 2 states:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

error. The defendant may not say, now or later, that he has been deceived and that, therefore, he has not been able adequately to prepare his defense.

Secondly, as to the matter of double jeopardy, the Indictment is sufficiently certain and definite to enable the defendant to plead a judgment in this case as a bar to any subsequent prosecution against him that might be attempted for the same offense. The Indictment charges manslaughter of Lewis O. Harry on Route 13 in New Castle County in a collision involving the motor vehicle of Ernest Fred Weber when Harry was a passenger in the defendant's automobile. The offense charged is so well identified, it is inconceivable that the erroneous date exposes the defendant to double jeopardy.

The defendant cites several cases holding that an impossible date invalidates an indictment. Those cases are not in harmony with modern procedural concepts as exemplified by our new Rules of Criminal Procedure and, therefore, they are not persuasive. See *Commonwealth v. Doyle,* 110 *Mass.* 103; *McGehee v. State,* 26 *Ala.* 154; *State v. Smith,* 108 *Iowa* 440, 79 *N. W.* 115; *People v. Van Every,* 222 *N. Y.* 74, 118 *N. E.* 244, 7 *A. L. R.* 1507; *Shonfield v. State,* 196 *Ind.* 579, 149 *N. E.* 53; *Hunt v. State,* 199 *Ind.* 550, 159 *N. E.* 149.

It is held that the Indictment states an offense notwithstanding its averment of an impossible date. Accordingly, the defendant's motion to dismiss the Indictment will be denied.

■ Turning now to the State's motion to amend the Indictment, it is to be noted at the outset that we have no controlling statute or rule as to the Court's power to make such amendment.[2] Accordingly, the question is governed by the common law. It appears that, at early common law, an indictment was amendable only by the grand inquest that found the indict-

---

[2]Compare Criminal Rule 7(e) permitting amendments of informations. See also Criminal Rule 7(d) empowering the Court to strike surplusage from an indictment or information.

ment. Later, the common law permitted amendment by the court of matters of form with the concurrence of the grand jury by which the indictment was presented. The reason for the rule was that, since an indictment was the act of the grand jury under oath, the court could not make alterations without the grand jury's authorization. It appears that under the common law practice the grand jury ordinarily consented, at the time it was sworn, to amendment by the court of matters of form but not matters of substance. See 1 *Chitty's Criminal Law*, p. 244; *Joyce on Indictments*, 2 Ed., § 135; *State v. Sing Lee*, 94 *N. J. L.* 266, 110 *A.* 113.

 This common law practice prevails in this jurisdiction today except that, here, the consent of the grand jury to amendments of matters of form is obtained when the grand jury presents its indictments to the Court. In accepting indictments from the foreman in open court, the Prothonotary asks the assembled grand jury the following question:

"Are you content that the Court shall amend any matter of form without your privity or consent, altering nothing of substance?"

This question and an affirmative reply thereto are routine. It is presumed that such consent was requested and granted in the instant case.

By virtue of the time-honored practice in this jurisdiction under which the prior consent of the grand jury is obtained, it is held that this Court has the power to amend indictments as to matters of form if no new, additional or different charge is made thereby and if the accused will not otherwise suffer prejudice to substantial rights. Compare *State v. Grothmann*, 13 *N. J.* 90, 98 *A.* 2d 291; *State v. Wheatley*, 192 *Md.* 44, 63 *A.* 2d 644; *Commonwealth v. Jorden*, 136 *Pa. Super.* 242, 7 *A.* 2d 523; *United States v. Krepper*, 3 *Cir.*, 159 *F.* 2d 958; *Carney v. United States*, 9 *Cir.*, 163 *F.* 2d 784.

Since the erroneous date in the Indictment in the instant case has been found to be a defect of form only and since, as has been indicated, a correction thereof will not affect the defendant's substantial rights, the Indictment will be amended by striking therefrom the date September 30, 1955 and by substituting in lieu thereof the date September 30, 1954.