THE STATE OF DELAWARE v. KEITH LYNN LASBY.

(*September* 8, 1961.)

DUFFY, J., sitting.

*Charles L. Paruszewski*, Deputy Attorney-General, for The State of Delaware.

*Oliver V. Suddard* for Keith Lynn Lasby.

Superior Court for New Castle County, No. 565, Criminal Action, 1960.

DUFFY, J.:

Defendant was tried and convicted of an assault with intent to commit rape, in violation of 11 *Del. C.* § 782. He has moved for reargument of a pretrial ruling by the Court and for a new trial under Rule 33, Superior Court Rules, *Del. C. Ann.*

1. *As to the motion for reargument*:

The statute under which defendant was indicted reads, in part, as follows:

"Whoever, with violence, assaults any female with intent to commit a rape, shall be guilty of felony * * *." 11 *Del. C.* § 782.

The indictment under which defendant was tried charges that on a specific day in this county defendant "* * * did then and there feloniously assault one Judith Marie Burkholder with intent to commit rape upon the said Judith Marie Burkholder".

Argument was made to the Court, as the trial was about to begin, that the indictment was defective because it did not charge that defendant made the alleged assault "with violence". The motion was denied and reargument of that ruling is now asked.

Rule 7(c) of this Court, which implements Article I, § 7 of the State Constitution, *Del. C. Ann.*, provides the measuring rod when an indictment is up for scrutiny:

"Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

The plain, concise, definite statement of essential facts is designed to accomplish two purposes: to put defendant on full notice of what he is called upon to defend,

and to effectively bar subsequent prosecution for the same offense. *State v. Martin, Del. Sup.* 1960, 163 *A.* 2d 256; *State v. Caruso,* 1943, 3 *Terry* 310, 32 *A.* 2d 771. If the indictment fulfills that basic purpose, it is sufficient. *State v. Blendt,* 1956, 10 *Terry* 528, 120 *A.* 2d 321. In accomplishing that purpose it is not necessary to follow the express language of the statute, but the essential facts of the crime charged must be alleged. *State v. Allen,* 1955, 10 *Terry* 150, 112 *A.* 2d 40, 42; *State v. Morrow,* 1939, 1 *Terry* 363, 10 *A.* 2d 530.

■ Defendant contends that the statutory phrase "with violence" is an indispensable element of the crime charged and since this phrase, or its equivalent, is missing from the indictment, it is deficient and ought to be dismissed. Defendant has not called to my attention any Delaware decision discussing this or an analogous issue; he relies, rather, on principles formulated in the cases cited above and argues that upon application to his indictment, they pinpoint a missing element, *i.e.,* an allegation that the offense was committed with violence. In addition, defendant contends that the Grand Jury did not consider the violence element and, hence, he was brought to trial for an offense that the Grand Jury did not find.

■ In my opinion the indictment is sufficient. The statute makes criminal an assault, with violence, upon a female with intent to rape her. The critical criteria are: (1) the assault and (2) with intent to commit rape. I say this because an assault has the element of violence in it. Under our law an assault is an unlawful attempt by force and violence to do injury to the person of another, with the present ability to carry the attempt into effect. *State v. Brewer,* 1921, 1 *W. W. Harr.* 363, 114 *A.* 604. See also the annotations in 11 *Del. C.* § 105.

The phrase "with violence" thus serves to underscore or emphasize the assault upon the person; it does not add a separate and distinct element to the offense.

Defendant was charged with assaulting a female with intent to rape her. This charge, supplemented with the specifics as to when, where and upon whom, fairly and fully advised defendant as to what he was called upon to defend, and it is sufficiently clear to bar subsequent prosecution.

Defendant's motion for reargument is denied.

2. *As to the motion for new trial*:

The State offered in evidence a written statement by defendant; after objection by defendant testimony as to the statement was taken upon *voir dire* and the Court thereafter ruled that the statement was admissible. The motion for a new trial is based exclusively upon that ruling.

With respect to the statement, the facts developed at trial show as follows: Defendant was arrested on a warrant at his home at about 6:15 A.M. on April 27, 1960, and was taken to a Delaware State Police barracks where he arrived at about 7 A.M. He was handcuffed to an object in a hallway from the time of his arrival until about noon. He was given some food at about 11:30. From about 12:15 P.M. until about 1 o'clock he was interrogated by a police officer; a second officer, at times, participated in the questioning. Defendant's statement was reduced to writing beginning about 1 P.M. and ending about 2:15 P.M. He was then taken before a magistrate for arraignment.

The testimony showed that no threats, promises or inducements were made with respect to the statement. The motion for a new trial is based essentially on the delay reflected in the above chronology and on coercion as an inherent factor in the surrounding circumstances. In support of these contentions defendant relies exclusively on *Mallory v. United States*, 1957, 354 *U. S.* 449, 77 *S. Ct.* 1356, 1 *L. Ed.* 2d 1479.

A review of this case in the light of the *Mallory* opinion would serve no useful purpose because it is not binding on this

Court. As with *McNabb v. United States,* 1943, 318 *U. S.* 332, 63 *S. Ct.* 608, 87 *L. Ed.* 819, the case establishes an evidentiary rule to be applied in federal criminal proceedings. Since those decisions did not turn on constitutional grounds, the states follow their own constitutions, statutes and rules of evidence. See the various discussions of the subject in 2 *Wharton, Criminal Evidence* § 369 (12th Ed.); 19 *A. L. R.* 2d 1332; and 52 *Journal of Criminal Law* 1 (May-June 1961).

■ Turning to our law, I am satisfied that the procedure followed at trial followed the Delaware practice as set forth in detail in the Supreme Court's opinion in *Wilson v. State,* 1954, 10 *Terry* 37, 109 *A.* 2d 381. And as to the facts and circumstances surrounding the statement, these certainly seem less extreme than those before the Court in *Wilson.* In the light of that decision, I cannot say as a matter of law that the circumstances surrounding the making of Lasby's statement were coercive.

Defendant also contends that there was a violation of Rule 5(a) of this Court in that he was not brought before a magistrate promptly after arrest. This rule is based on 11 *Del. C.* § 1911, which reads as follows:

"If not otherwise released, every person arrested shall be brought before a magistrate without unreasonable delay, and in any event he shall, if possible, be so brought within 24 hours of arrest, Sundays and holidays excluded, unless a Resident Judge of the county where he is detained or of the county where the crime was committed for good cause shown orders that he be held for a further period of not exceeding 48 hours."

Rule 5(a) states:

"An officer making an arrest with or without a warrant or any other authorized peace officer shall take the arrested person without unreasonable delay before either the nearest available Justice of the Peace of the county in which the

offense is alleged to have been committed or before the court out of which the warrant issued, in accordance with the command of the warrant. When an arrest is made without a warrant, a complaint shall be made as soon as the accused is brought before a committing magistrate."

Both the Statute and the Rule require arraignment "without unreasonable delay". Given the circumstances developed at trial with respect to the duties of the police officers on the morning in question, I cannot say that the delay here was a violation of the Statute or the Rule, particularly in light of the 24-hour "maximum" which the Statute seems to contemplate. As to the questioning of defendant before arraignment, this is permissible in Delaware. *Wilson v. State, supra.* And even if the purpose of the questioning is to secure a statement, the test of admissibility remains whether or not there is a reasonable probability that it was obtained by the use of improper methods. I am persuaded that such was not the case with respect to Lasby's statement. Hence it was properly received into evidence and was considered by the jury under appropriate instructions to which exceptions are not made.

The motion for a new trial is denied.