STATE OF DELAWARE v. ALFRED J. DI MAIO, Defendant.
STATE OF DELAWARE v. ELWOOD AGNEW and EDWIN PRICE, Defendants.

(*July* 27, 1962.)

STIFTEL, J., sitting.

*E. Norman Veasey*, Deputy Attorney General, for the State of Delaware.

*David Snellenburg, II* (of Killoran and Van Brunt) for defendant Alfred J. DiMaio.

*Robert C. O'Hora* and *John P. Daley* for defendants Elwood Agnew and Edwin Price.

Superior Court for New Castle County, Nos. 591, Cr. Action, 1961, and 584, Cr. Action 1961.

STIFTEL, J.:

Defendants Elwood Agnew and Edwin Price were charged by amended information as follows:

"Elwood Agnew and Edwin Price on the 26th day of January, 1961, in the County of New Castle, did, at 217 W. 8th Street, Wilmington, Delaware, then and there keep, exhibit and use, and were concerned in interest in keeping, exhibiting and using books, devices, apparatus or paraphernalia, for the purpose of receiving, recording or registering bets, and wagers upon the results of trials and contests of skill, speed and power of endurance of beasts, to-wit, horses, contrary to Title 11, Section 669 of the *Delaware Code of* 1953."

Defendant Alfred J. DiMaio was charged similarly:

"Alfred J. DiMaio on the 26th day of January, 1961, in the County of New Castle, did then and there keep, exhibit and use, and was concerned in interest in keeping, exhibiting or using certain books, devices, apparatus or paraphernalia for the purpose of receiving, recording or registering bets or wagers upon the result of a trial or contest, in this state or elsewhere, of skill, speed or power of endurance of man or beast, contrary to Title 11, Section 669(a) of *Delaware Code of* 1953."

DiMaio, Price and Agnew moved to dismiss their informations claiming that the statute under which they were charged is unconstitutional for the reason that it is vague and indefinite.

In addition, Price and Agnew claim that the use of the word "paraphernalia" in their information fails to plainly and fully inform them of the accusations against them because the word is vague and indefinite.

The statute attacked as unconstitutional was upheld in *State v. Caruso*, 32 A. 2d 771. Defendants ask me to overrule this decision. They cite no gambling cases. They rely on *Winters v. People*, 333 U. S. 507, 68 Sup. Ct. 665, and on *Ex Parte Newbern*, 53 Cal. 2d 786, 350 P. 2d 116. These cases are inapposite. The *Winters* case involved an attack on a stat-

ute making it a crime to print and utter printed paper devoted to "publicizing" and "primarily made up of criminal news, police reports * * * or stories of deed or bloodshed, lust or crime." The Supreme Court held the statute so indefinite as to be applicable to innocent acts and to render it impossible for the individual to know what constitutes violation, and thus violative of the due process clause. See *Comment*, 96 *U. of Pa. Law Review* 889. The Court suggested that the standard of definiteness for civil liberties legislation was more stringent than for other types of laws. See 61 *Harv. Law Review* 1208, 1209. The *Newbern* Court was unable to define properly the word "common" in a statute making it a crime to be a "common drunkard" and held the statute unconstitutional.

Section 669 gives notice of what is prohibited to those of ordinary intelligence affected by it. See *United States v. Petrillo*, 332 U. S. 1; *Whitney v. California*, 274 U. S. 357. In *Caruso* this Court stated:

"* * * Certainly the average person who reads the statute in question, will understand that the purpose which the Legislature wanted to accomplish was the suppression of gambling. Such a person will also be able to understand what acts are prohibited by the statute, including being concerned in interest in keeping, exhibiting, using or employing in any room, house, building * * * any book * * *, device, apparatus or paraphernalia, for the purpose of receiving bets or wagers upon the result of any trial or contest, of skill, speed or power of endurance of man or beast."

I find no reason to overrule *State v. Caruso*.

Defendants Agnew and Price next argue that the word "paraphernalia", used in the information, is vague and indefinite and fails plainly to inform them of the nature of the accusations against them.

Defendants rely on the dictum in *State v. Caruso*, where the Court gratuitously made the following remarks:

"If they (the informations) simply charged the keeping of paraphernalia for the purposes aforesaid, we would have no hesitancy in holding them to be vague and uncertain. But they go much further, they describe the articles of which the paraphernalia consists, namely, run-down sheets, paper writing, radio telephone exchange, telephones and adding machines."

Superior Court Rule 7(c) requires that an indictment or information be plain, concise and a definite written statement of the essential facts constituting the offense charged. It was explained in *State v. Lasby*, 4 Storey 39, 174 A. 2d 323, that this is required to inform defendant fully of what he is called upon to defend, and to bar effectively subsequent prosecutions against him for the same offense. If the crime is alleged in the words of the statute, it is sufficient. *State v. Martin*, 2 Storey 561, 163 A. 2d 256.

"Paraphernalia" as used in an anti-gambling statute means "gambling paraphernalia". The word "paraphernalia" is in common usage in the law pertaining to gambling. In its generally accepted meaning it may include miscellaneous articles and belongings used in gambling. *State v. Caruso, supra; People v. Watkins*, 126 Cal. App. 2d 199, 271 P. 2d 641, 645; *Funk and Wagnall's New Standard Dictionary;* 31 *Words and Phrases*, p. 74. Similarly, the words "Book, device, apparatus" used in § 669 immediately preceding the word "paraphernalia" are words of common usage in the law pertaining to gambling. 3 Burdick, *Law of Crime* § 919. The items enumerated in the statute are in the disjunctive. A defendant could, therefore, be convicted with only a book, or a paper, or an apparatus, or a device or paraphernalia, if the evidence showed that it was used in bookmaking. *People v. Watkins, supra.*

The use of these words, or any of them, in the informa-

tion in question fully informs the defendants of what they are called upon to defend and bars subsequent prosecution against them for the same offense. If the defendants desire to have more specific knowledge of the items included by the State in its use of the words "device, apparatus or paraphernalia", the Court may, upon application of the defendants, direct the State to file a bill of particulars in accordance with the provisions of Superior Court Rule 7(f). Although it may be preferable for the State to enumerate some or all of these particulars in the first instance, it is not required to do so under our practice.

I hold that the informations are valid and sufficient.