IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELI ESCALERA, | § | |
| | § | |
| Defendant Below, | § | No. 407, 2020 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos.  1606024326A (N) |
| Plaintiff Below, | § | 1606024326B (N) |
| Appellee. | § | |
| | § | |

Submitted: May 14, 2021
Decided: August 4, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Eli Escalera, appeals the Superior Court's denial of his motion for postconviction relief.  For the following reasons, we affirm the Superior Court's judgment.

(2)    In October 2016, a Superior Court grand jury charged Escalera by indictment with aggravated menacing, possession of a deadly weapon during the commission of a felony ("PDWDCF"), possession of a deadly weapon by a person prohibited ("PDWBPP"), resisting arrest, and disorderly conduct.   At Escalera's

request, the Superior Court severed the person-prohibited charge (Case B) from the remaining charges (Case A).

(3) Case A proceeded to a jury trial in April 2017. The evidence presented at trial fairly established the following facts. In the evening of June 29, 2016, Amoni Green was waiting for her boyfriend at a bus stop when a stranger—later identified as Escalera—advanced toward her, wielding a black knife in his right hand. Green ran into the median of Route 13 and flagged down Officer Michael Zolnowski of the New Castle County Police Department who happened to be driving by. As Officer Zolnowski pulled into a parking lot adjacent to the bus stop, Escalera began walking away. Green saw Escalera flick his wrist in the direction of a nearby fence. A witness to the altercation between Escalera and Green placed a call to 911 and described the aggressor as wearing a green shirt and tan shorts. Officer Zolnowski took Escalera—who was wearing a green collared shirt and tan shorts and was unarmed—into custody at the scene. Another responding officer recovered a black knife from the area where Green observed Escalera snap his wrist. The knife was tested for DNA, but the DNA recovered from the knife could not be linked to Escalera. The jury acquitted Escalera of resisting arrest but found him guilty of the remaining charges in Case A. After the jury returned its verdict, Escalera was tried and found guilty at a bench trial of PDWBPP in Case B. On the State's motion, the Superior Court declared Escalera to be a habitual offender, and the Superior Court

2

sentenced him to twenty-five years of imprisonment followed by decreasing levels of supervision. We affirmed Escalera's convictions and sentence on direct appeal.[1]

(4) On December 14, 2018, Escalera filed a timely motion for postconviction relief under Superior Court Criminal Rule 61. Escalera raised several arguments, including two claims of ineffective assistance of counsel. The Superior Court appointed counsel to assist Escalera with the postconviction proceedings. Postconviction counsel later moved to withdraw, indicating that, after a careful review of the record, she had not identified any potential grounds for postconviction relief. After expanding the record with briefing and directing trial counsel to file an affidavit addressing Escalera's claims of ineffective assistance of counsel, the Superior Court granted postconviction counsel's motion to withdraw and denied Escalera's motion for postconviction relief.[2] This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural bars of Rule 61 must be considered before any substantive claims are addressed.[4] Rule 61(i)(3) bars any ground for relief that was not asserted in the proceedings leading to the judgment of conviction.[5] On the other hand, ineffective-assistance-of-counsel claims are

---

[1] *Escalera v. State*, 2018 WL 2406009 (Del. May 25, 2018).
[2] *State v. Escalera*, 2020 WL 6376646 (Del. Super. Ct. Oct. 30, 2020).
[3] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Del. Super. Ct. Crim. Rule 61(i)(3).

properly raised in a timely filed motion for postconviction relief.[6]  Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*.[7]  In order to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness,[8] and (ii) but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different.[9]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10]  "If an attorney makes a strategic choice after thorough investigation of [the] law and facts relevant to plausible options, that decision is virtually unchallengeable."[11]

(6)  On appeal, Escalera raises three arguments: (i) trial counsel was ineffective for failing to obtain a DNA sample from the victim's boyfriend; (ii) trial counsel was ineffective for failing to find and question the person who made the 911 call; and (iii) the grand jury indictment was defective.  As a preliminary matter,

---

[6] *Green v. State*, 238 A.3d 160, 175 (Del. 2020).
[7] 466 U.S. 668 (1984).
[8] *Id.* at 687-88.
[9] *Green*, 238 A.3d at 174.
[10] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[11] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (internal quotation marks and citations omitted).

Escalera has waived any arguments made below but not briefed on appeal.[12]  And the claims Escalera raises on appeal are unavailing.

(7)    Escalera's first two arguments—his ineffective-assistance-of-counsel claims—mirror those that he made below.  After careful consideration, we conclude that these claims must fail for the well-stated reasons given by the Superior Court in its October 30, 2020 order.  In short, we agree with the Superior Court's conclusion that Escalera is unable to satisfy either prong of the *Strickland* analysis: (i) he has failed to allege sufficient facts establishing that trial counsel's performance fell below an objective standard of reasonableness, and (ii) he cannot show that, but for counsel's allegedly deficient performance, there is a reasonable probability that the outcome of his trial would have been different.

(8)    For the first time on appeal, Escalera also argues that the Superior Court abused its discretion when it allowed the State to prosecute him based on a "defective charging instrument."  Escalera alleges that Count II of the indictment (PDWDCF) was defective because it incorrectly stated that PDWDCF requires that he *un*knowingly possessed a deadly weapon when, in fact, PDWDCF requires that Escalera *knowingly* possessed a deadly weapon.  Because Escalera did not raise this

---

[12] Del. Supr. Ct. R. 14(b)(vi)A.(3).

claim below, we review it for plain error.[13]  This claim is also procedurally barred under Rule 61(i)(3) because it could have been raised in the proceedings below.[14]  In any event, Escalera's claim is without merit.

(9)    An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged."[15]  The purpose of an indictment is to put the defendant on notice of the crimes with which he has been charged and to preclude a subsequent prosecution for the same offense.[16]  Here, the indictment contained a typographical error and incorrectly stated that Escalera violated 11 *Del. C.* § 1447 by *un*knowingly possessing a deadly weapon.  But Count II of the indictment cited to § 1447, which defines PDWDCF, and Escalera does not claim that the indictment failed to put him on notice of the crime for which he was charged such that he was unable to prepare a defense.[17]  Moreover, the Superior Court corrected the error by properly instructing the jury on the elements of

---

[13] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[14] Del. Super. Ct. Crim. R. 12 (providing that any objection based on a defect in an indictment, other than lack of jurisdiction or failure to charge a crime, is waived unless raised before trial).

[15] Del. Super. Ct. Crim. R. 7(c)(1).

[16] *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983).

[17] *See State v. Blendt*, 120 A.2d 321, 323 (Del. 1956) ("[A]n indictment should be sufficient if it fulfills its basic purpose of acquainting the defendant with the offense charged sufficiently to enable him to prepare his defense and to protect himself against double jeopardy.").

PDWDCF and the required *mens rea*.[18]  Under these circumstances, we find no merit

to Escalera's claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[18] *See White v. State*, 243 A.3d 381, 408 (Del. 2020) (declining to find plain error when a typographical error in the indictment was corrected by the trial judge in the presence of the jury).