**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1802012108 |
| | ) | |
| DERRICK CAUDLE, | ) | |
| Defendant. | ) | |

Submitted: September 12, 2023
Decided: October 16, 2023

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF BE SUMMARILY DISMISSED**

This 16th day of October, 2023, upon consideration of Defendant Derrick Caudle's ("Defendant") March 21, 2023 Motion for Postconviction Relief, the State's response thereto, defense counsel's Affidavit in response to the Motion for Postconviction Relief, Defendant's October 3, 2023 Motion for the Appointment of Postconviction Counsel, and the record in this matter, the following is my Report and Recommendation.

On February 26, 2018, the New Castle County Grand Jury indicted Defendant for Murder First Degree (11 *Del. C.* § 636), Possession of a Firearm During the Commission of a Felony (11 *Del. C.* § 1447A), and Possession of a Firearm by a

1

Person Prohibited (11 *Del. C.* § 1448(a)(4)).[1] On July 8, 2019, Defendant pled guilty to Murder Second Degree,[2] a lesser included offense of Murder First Degree, and Possession of a Firearm During the Commission of a Felony.[3] On January 30, 2020, this Court sentenced Defendant to an aggregate term of fifty-three years at Level V, suspended after serving nineteen years, followed by probation.[4] Defendant did not file a direct appeal.

On March 21, 2023, Defendant filed this instant Motion for Postconviction Relief ("Motion") pursuant to Superior Court Criminal Rule 61.[5] On May 8, 2023, Defendant's counsel filed an Affidavit in Response to the Motion. On September 8, 2023, the State filed its response to Defendant's Motion.

On October 3, 2023, Defendant filed a Motion for Appointment of Postconviction Counsel.[6] For the following reasons, I recommend Defendant's Motion for Postconviction Relief and Motion for Appointment of Postconviction Counsel be summarily dismissed.

---

[1] Docket Item ("D.I.") 1.
[2] Prior to the entry of the plea, the State amended Count I of the Indictment to reflect a charge of Murder Second Degree, alleging the Defendant recklessly caused the death of Todd Dorn by shooting him, under circumstances which manifested a cruel, wicked and depraved indifference to human life, in accord with 11 *Del. C.* § 635(1).
[3] D.I. 18. Prior to the entry of the plea, the State also amended Count II of the indictment, alleging that the Defendant knowingly and unlawfully possessed a firearm during the commission of Murder Second Degree, a felony as amended in Court I of the indictment.
[4] D.I. 22.
[5] D.I. 26.
[6] D.I. 36.

1. **MOTION FOR APPOINTMENT OF COUNSEL**

Rule 61 contains provisions which contemplate this Court's discretionary appointment of postconviction counsel, so long as a defendant complies with the Rule. Specifically, Rule 61(e)(1) requires that a defendant's motion for appointment of counsel "be filed contemporaneously with the movant's postconviction motion."[7] And, to be eligible for appointment of postconviction counsel, a defendant must file a *timely* postconviction motion.[8] As discussed *supra*, Defendant's Motion for Appointment of Counsel was not filed contemporaneously with his postconviction relief motion, and his Motion for Postconviction Relief was not timely filed.

On July 8, 2019, Defendant pled guilty to Murder Second Degree and Possession of a Firearm During the Commission of a Felony. With respect the appointment of counsel when a Defendant enters a plea, Rule 61(e)(3) expressly provides:

> (3) *First postconviction motions in guilty plea cases.* The judge may appoint counsel for an indigent movant's first *timely* postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct

---

[7] Super. Ct. Crim. R. 61(e)(1).

[8] *See State v. Harrell*, 2016 WL 2616380, at *1 (Del. Super. May 4, 2016) ("Accordingly, for [Defendant's] request for appointment of counsel to even be considered, it must accompany an extant first and timely postconviction motion.") *see also Collins v. State*, 2014 WL 2609107, at *2 (Del. June 9, 2014) ("Collins first [post]conviction motion was untimely and therefore he was not entitled to appointment of counsel pursuant to Rule 61(e)(1) absent good cause. Collins's speculative and conclusory allegations of ineffective assistance did not establish good cause for appointment of counsel.").

appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[9]

After a review of Defendant's Motion for appointment of postconviction counsel, Defendant has failed to satisfy the criteria set forth in Rule 61(e)(3). First, Defendant did not file a direct appeal, so his conviction was not subject to, or affirmed after, direct appellate review. Second, Defendant's Motion does not set forth a substantial claim that Defendant received ineffective assistance of counsel in relation to his guilty plea. Third, Defendant has not claimed that granting his postconviction motion would result in the vacatur of the judgment of conviction and release from custody. And finally, Defendant has failed to identify "specific exceptional circumstances" which warrant the appointment of counsel. Defendant's failure to address each of these criteria is fatal to his request for appointment of postconviction counsel.[10]  I therefore recommend Defendant's Motion for Appointment of Postconviction Counsel be denied.

---

[9]  Super. Ct. Crim. R. 61(e)(3) (emphasis added).
[10]  See *Harrell*, 2016 WL 2616380, at *1.

4

## 2. MOTION FOR POSTCONVICTION RELIEF

### a. The Parties' Contentions.

On March 21, 2023, this Court received Defendant's Motion for Postconviction Relief. Therein, Defendant raises three claims. First, Defendant alleges the Indictment was deficient in that it failed "to charge the offense of [Possession of a Firearm During the Commission of a Felony] and 'Possession, ownership or control of a firearm by a person prohibited' due to the fact that the indictment does not provide the necessary essential material elements."[11] Second, Defendant argues his "5th Amendment right was violated when the grand jury ruled on an indictment in the state's favor that did not establish all the material elements required in order to uphold the indictment."[12] Finally, Defendant contends the Court and the State engaged in "misconduct" by "drafting and submitting a jurisdictional[ly] defective indictment, and by the courts' not correcting the wrongdoing and violating [his] rights to due process guaranteed by the U.S. Constitution."[13]

On September 8, 2023, the Court received the State's Response to Defendant's Motion for Postconviction Relief.[14] The State first noted Defendant's

---

[11] D.I. 26, Motion for Postconviction Relief, at 3.
[12] *Id.*
[13] *Id.*
[14] D.I. 33, State's Response to Defendant's Motion for Postconviction Relief.

election to enter a guilty plea constituted a waiver of his Constitutional rights, and a "voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea."[15] As such, by virtue of his plea, the Defendant waived all pending postconviction claims. The State also contends that Defendant's allegations related to the indictment are, at best, conclusory.[16] Defendant does not identify specific elements of the charged offenses which are erroneous or absent, and he provides no legal authority to support his claims.[17] Finally, the State contends Defendant's Motion was untimely filed.[18]

On May 8, 2023, this Court received defense Counsel's Affidavit in Response to Defendant's Motion for Post-Conviction Relief Pursuant to Superior Court Criminal Rule 61.[19] Counsel denied he provided Defendant deficient representation, and asserted there was no good faith basis to: (1) assert any challenges to the validity of the indictment; (2) claim Defendant's Fifth or Sixth Amendment rights were violated; or (3) challenge any conduct on behalf of the State or the Court.[20]

---

[15] *Id.* (citing *Lopez v. State*, 2009 WL 1317092, at *2 (Del. May 13, 2009) (citing *Downer v. State*, 543 A.2d 309, 311-12 (Del. 1988))).
[16] *Id.*, ¶ 7.
[17] *Id.*, ¶ 8(a)-(c).
[18] *Id.*, ¶ 9. ("The State will also point out that Defendant's postconviction motion comes more than 1 year after his conviction became final.")
[19] D.I. 30. Counsel's Affidavit in Response to Defendant's Motion for Post-Conviction Relief Pursuant to Superior Court Criminal Rule 61.
[20] *Id.* at 2.

## b. Application of Procedural Bars.

Before considering the merits of any postconviction claim, this Court must first determine whether any of Rule 61's procedural bars are applicable.[21] Under Rule 61, a postconviction motion can be procedurally barred for being untimely filed, successive, procedurally defaulted, and/or subject to former adjudications.[22]

Rule 61(i)(1) provides as follows:

> *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

Defendant was sentenced by this Court on January 31, 2020, and he did not file a direct appeal. Where a defendant does not file a direct appeal, the judgment of conviction is final thirty days after this Court imposes sentence.[23] Therefore, Defendant's judgment of conviction became final on March 1, 2020, thirty days after sentencing. To have timely filed the instant Motion, Defendant would have had to file it on or before March 1, 2021. Defendant's motion was received by this Court on March 31, 2023, more than two years late.

---

[21] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[22] *See* Super. Ct. Crim. R. 61(i)(1)-(4).
[23] Super. Ct. Crim. R. 61(m)(1).

7

A defendant may avoid Rule 61(i)(1)'s procedural bar if his claim "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court,"[24] or, pursuant to Rule 61(i)(5), if the Defendant claims this Court lacked jurisdiction, or satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[25]

Defendant has not claimed that his untimely Motion satisfies the exceptions to Rule 61(i)(1)'s procedural bar, nor has he challenged the jurisdiction of this Court or argued the applicability of a retroactively applicable right that is newly recognized after his judgment of conviction was final, more than one year after the right was first recognized by the Supreme Court of Delaware or by the United States Supreme Court. Finally, Defendant has not pled with particularity that new evidence exists

---

[24] *See* Super. Ct. Crim. R. 61(i)(1).
[25] Super. Ct. Crim. R. 61(i)(5). Rule 61(d)(2)(i) and (ii) provide as follows:
> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted. Therefore, Defendant's postconviction motion is procedurally barred as untimely and is subject to summary dismissal.

Rule 61(i)(3) supplies a second procedural bar applicable to Defendant's claims. Rule 61(i)(3) provides as follows:

> (3) *Procedural Default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows:
> (A) cause for relief from the procedural default and
> (B) prejudice from the violation of the movant's rights.[26]

Defendant did not raise his postconviction claims in the proceedings leading up to his guilty plea, and he has neither demonstrated cause for his failure to do so, nor resulting prejudice. As a result, Defendant's claims are also procedurally defaulted pursuant to Rule 61(i)(3).

### c. Defendant's Postconviction Claims are Meritless.

Assuming *arguendo* that Defendant's postconviction motion was not procedurally barred pursuant to Rule 61(i)(1) and (3), his claims are nonetheless meritless. The crux of Defendant's postconviction claim is that the grand jury indictment was defective in failing to provide the "material elements" of the offenses of Possession of a Firearm During the Commission of a Felony and Possession of a

---

[26] Super. Ct. Crim. R. 61(i)(3)(A)-(B).

Deadly Weapon by a Person Prohibited.[27]  Defendant also suggests the indictment was deficient for failing to "inform the nature and cause of the charges," and "did not adequately relay enough information to effectively produce a proper defense."[28] Defendant's conclusory statements regarding the indictment are not supported by the record and do not substantiate a claim for postconviction relief.

Superior Court Criminal Rule 7 addresses indictments.  Rule 7(c)(1) provides:

> The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney general. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated.[29]

The purpose of an indictment is to put a Defendant on full notice of what he is called upon to defend, and to preclude subsequent prosecution for the same offense.[30]  The Delaware Supreme Court has consistently affirmed the principle that

---

[27] D.I. 26 at 3.
[28] *Id.*
[29] Super. Ct. Crim. R. 7(c)(1).
[30] *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983) (citing *State v. Lasby*, 174 A.2d 323, 324 (Del. Super. 1961)*, aff'd,* 185 A.2d 271 (Del. 1962); *State v. Minnick,* 168 A.2d 93, 95 (Del. Super. 1960)*; State v. Martin,* 163 A.2d 256, 258 (Del. Super. 1960); *State v. Blendt,* 120 A.2d 321, 323 (Del. Super. 1956).

the purposes of an indictment are fulfilled where the indictment "contains a plain statement of the elements or essential facts of a crime."[31]

Defendant did not raise any objection to the indictment, and all objections were waived at the time he entered his plea.[32] Regardless, Defendant's conclusory claims regarding a defective indictment do not substantiate a postconviction claim. Defendant does not identify any specific defect in the indictment, and this Court's review of the indictment demonstrates all elements of the offenses were specifically pled therein.[33] Moreover, the offenses for which Defendant claims a defect, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited, are possessory offenses, meaning the factual predicate for the offenses was that the defendant possessed a firearm during the commission of Murder Second Degree, and he possessed a firearm at a time when he was prohibited from doing so because as a juvenile, he had been adjudicated delinquent of Conspiracy Second Degree, a felony. Defendant's postconviction claims are meritless and unsupported by the record.

---

[31] *Id.* (citing *State v. Allen*, 112 A.2d 40, 42 (Del. Super. 1955)).
[32] To the extent Defendant is raising a defective indictment claim as to the Possession of a Deadly Weapon by a Person Prohibited charge (Count 3), the State entered a Nolle Prosequi on that offense at the plea colloquy. Therefore, Defendant suffered no prejudice as a result of any alleged defect regarding this offense.
[33] *See* D.I. 1.

11

# CONCLUSION

For all of the aforestated reasons, I recommend Defendant's Motion for Appointment of Counsel be **DENIED**, and that Defendant's Motion for Postconviction Relief be **SUMMARILY DISMISSED** as procedurally barred.

**IT IS SO RECOMMENDED.**

/s/ Martin B. O'Connor
The Honorable Martin B. O'Connor

oc:     Prothonotary
        Matthew Frawley, Deputy Attorney General
        Joseph M. Leager, Jr., Esquire
        Derrick Caudle (SBI # 00853176)