**Albert J. KELLER, Defendant, Appellant,**

v.

**STATE of Delaware, Plaintiff, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 14, 1980.

Decided Jan. 5, 1981.

---

**3.** This was an action to enforce equitable rights and was not an action "for the enforcement of any note ... or other instrument of writing ...." Therefore, 10 *Del.C.* § 3912 has no application.

J. Dallas Winslow, Jr., Asst. Public Defender, Wilmington, for defendant, appellant.

Cynthia R. Christfield, Deputy Atty. Gen., Wilmington, for plaintiff, appellee.

Before HERRMANN, C. J., and QUILLEN and HORSEY, JJ.

PER CURIAM:

The only disputed issue in this criminal appeal is whether it was reversible error for the Trial Court to amend certain counts of a grand jury indictment after the close of testimony and before counsel's summation to the jury. Defendant contends that the amendments changed the substance, as distinguished from the form, of the indictment and were therefore impermissible. We agree and therefore reverse.[1]

Appellant, Albert J. Keller, was tried in Superior Court on various charges, including multiple counts of theft through false pretense in the sale of motor vehicles, in

[1] A second issue on appeal is whether it was error for the Court, in one trial, under one indictment, to assess the sum of $383.69 as "the costs of prosecution" against defendant in each of some 16 counts of the indictment of which defendant was found guilty. However, the State concedes that the costs so levied were duplicitous, in violation of 10 *Del.C.* § 8706. Hence, reversal is also required on the sentence as to payment of costs.

violation of 11 *Del.C.* § 841[2] and § 843.[3] The charges arose from defendant's sales to unknowing purchasers of motor vehicles with admittedly tampered odometers. Each of the theft counts of the indictment originally read, in part, according to the following example:

> ALBERT J. KELLER, ... did obtain with the intent to appropriate U.S. currency, property of [victim] in excess of $300.00 by intentionally creating a false impression as to the mileage of one 1974 Chevrolet ... said mileage being represented as 43,536 when in fact the actual or true mileage was in excess of 87,000. The amount of said theft being a result of the fact that the difference in value of said vehicle if the mileage were the same as the false representation made by the defendant, and its actual value with the true mileage, is in excess of $300.00. Therefore, an amount in excess of $300.00, which was part of the money obtained by the defendant from said victim, was obtained only as a result of the false impression referred to above and said portion, which was in excess of $300.00, was thus obtained with intent to appropriate by means constituting theft. (underlining added)[4]

In the belief that the theft counts contained surplusage because the amount of money paid by the victim was alone sufficient to establish the value of the property taken, the Court, over defendant's objections, restated all theft counts, including the above, to charge defendant as follows:

> ALBERT J. KELLER, ... did obtain with the intent to appropriate U.S. currency, property of [victim] in excess of $300.00 by intentionally creating a false impression as to the mileage of one 1974 Chevrolet ... said mileage being represented as 43,536 when in fact the actual or true mileage was in excess of 87,000. Therefore, an amount in excess of $300.00, which was money obtained by the defendant from said victim, was obtained only as a result of the false impression referred to above and obtained with intent to appropriate by means constituting theft.

The Court thereby struck from the original count the following sentence (in addition to certain other language underlined above):

> The amount of said theft being a result of the fact that the difference in value of said vehicle if the mileage were the same as the false representation made by the defendant, and its actual value with the true mileage, is in excess of $300.00.

And the Court substituted in lieu thereof the following:

> Therefore, an amount in excess of $300.00, which was money obtained by the defendant from said victim, was obtained only as a result of the false impression referred to above and obtained with intent to appropriate by means constituting theft.

### I

There is no disagreement as to the law but only as to its application to the facts of this case. Superior Court Criminal Rule 7(d) permits the Court to strike sur-

---

**2.** 11 *Del.C.* § 841 states:

"*§ 841. Theft; class E felony; class A misdemeanor.*

A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it. Theft includes the acts described in §§ 842 through 846 of this title.

A person is guilty of theft if he, in any capacity, legally receives, takes, exercises control over or obtains property of another which is the subject of theft, and fraudulently converts same to his own use.

Theft is a class A misdemeanor, unless the value of the property is $300 or more, in which case it is a class E felony."

**3.** 11 *Del.C.* § 843 states:

"*§ 843. Theft; false pretense.*

A person commits theft when, with the intent prescribed in § 841 of this title, he obtains property of another person by intentionally creating or reinforcing a false impression as to a present or past fact, or by preventing the other person from acquiring information which would adversely affect his judgment of a transaction."

**4.** The underlined portions of the count are those considered to by surplusage and later struck.

plusage from an indictment or information.[5] Rule 7(e) permits an information to be amended at any time before a verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.[6] There being no rule of court or statute concerning amendments of an indictment, we look to the common law and Delaware practice. In *State v. Blendt,* Del.Super., 120 A.2d 321 (1956), Judge Herrmann, now Chief Justice of this Court, held that the court had power to amend an indictment as to matters of form, but not as to matters of substance, as long as " . . . no new, additional or different charge is made thereby and if the accused will not otherwise suffer prejudice to substantial rights." 120 A.2d at 324. Thus, Delaware's common law rule as to permissible amendments of an indictment coincides with Rule 7(e) as to when an information may be amended. Both are designed to afford the accused two protections: (1) notice of the charges against him so that he has an opportunity to prepare an adequate defense and (2) prevention from twice being placed in jeopardy for the same offense. *State v. Blendt, supra.*

## II

■ The State concedes that the amendments of the indictment changed the method by which the jury was to determine the value of the property taken for purposes of determining whether, if a theft had been committed, it was a misdemeanor or a felony. However, the parties disagree as to whether such changes went to matters of form or substance. The State contends that since the amendments did not change the characterization of the crime or relate to any elements of the offense of theft, the

changes concerned form rather than substance. We disagree.

The Trial Judge may have been correct that the amount of money paid for a car with a tampered odometer was sufficient to establish the value of the property taken for purposes of determining whether a felony or a misdemeanor had been committed. However, that was not the theory under which the indictment in this case was framed and the trial took place. Under the original indictment, the State, to convict defendant of felony theft, was required to prove not merely that defendant received in payment for the car a sum in excess of $300 but that the theft amounted to $300 or more measured by the difference between the value of the car with its represented mileage and the value of the car with its actual mileage.

Once incorporated in the indictment, the original averments as to method of determining the value of the property taken became material allegations which the State was required to prove. *State v. Hudson,* Del.Super., 91 A.2d 535 (1952). These averments then became essential elements of the indictment which the Court could not change by amendment after the evidence was in, for those averments formed the basis on which a felony theft was required to be proven.[7] *See State v. Blendt, supra; Brown v. State,* Md.App., 28 Md. 105, 400 A.2d 1133 (1979).

We hold that it was error for the Trial Court to so amend the indictments. Accordingly, we reverse defendant's felony theft convictions.

However, the original indictment was sufficient to support convictions of misde-

---

5. Rule 7(d) states:
"(d) *Surplusage.* The Court on motion of the defendant may strike surplusage from the indictment or information."

6. Rule 7(e) states:
"(e) *Amendment of Information.* The Court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

7. Under 11 *Del.C.* § 4205 the punishment for a class E felony may include a term of imprisonment of 7 years; whereas under 11 *Del.C.* § 4206, the sentence for a class A misdemeanor may not exceed 2 years imprisonment. Thus, it cannot be said that the amendments of the indictment were not of significant consequence to defendant.

meanor theft and such thefts were proven even though value in accordance with the original indictment was not. *See Collins v. State*, Del.Supr., 420 A.2d 170 (1980). Therefore, we remand the case with instructions to the Court below to enter convictions against defendant of class A misdemeanor thefts as to each of the counts as to which convictions were rendered and instruct the Court to impose sentences on such lesser included offenses.

We also reverse as to defendant's sentence for the payment of costs, for the reasons stated at page 2 above and remand for resentencing as to costs.

REVERSED.