**Cornelius HARLEY, Defendant
Below, Appellant,**

v.

**STATE of Delaware, Plaintiff
Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 15, 1987.
Decided: Nov. 25, 1987.

David M. Lukoff, Wilmington, for appellant.

Timothy J. Donovan, Jr., Dept. of Justice, Wilmington, for appellee.

Before, CHRISTIE, C.J., MOORE and HOLLAND, JJ.

CHRISTIE, Chief Justice.

In this case we are called upon: (a) to determine the significance of a variance between the wording of the indictment and the evidence actually presented at trial and (b) to pass upon the propriety of an amendment to the indictment after the verdict is rendered.

Appellant, Cornelius Harley, while visiting at a friend's apartment, became involved in a fight during which Harley struck and injured another man with the ratcheted portion of a tire jack stand. The indictment accused the appellant of striking the victim with a "tire iron". The testimony presented at trial, however, clearly indicated that the ratcheted support bar of an automobile tire jack stand was used to inflict the injuries.

Appellant was convicted by a jury of assault in the second degree and possession of a deadly weapon during the commission of a felony. Several months later, the trial court denied appellant's motion to dismiss both charges but granted the State's motion to amend the indictment. The indictment was then amended, changing the words "tire iron" to "jack stand". After judgment was entered and sentence imposed, appellant filed a notice of appeal of the conviction and sentence.

Appellant bases his appeal on the following grounds:

(1) The trial court erred when it allowed the State to amend the indictment after the verdict;

(2) The trial court erred when it denied defendant's motion to dismiss the charge of assault second degree;

(3) The trial court erred when it denied defendant's motion to dismiss the charge of possession of a deadly weapon during the commission of a felony on the grounds that the object used to strike the victim was not a deadly weapon as defined by 11 *Del. C.* § 222(5); and

(4) The definition of a deadly weapon appearing in 11 *Del.C.* § 222(5) is unconstitutionally vague and overbroad as interpreted by the trial court to include a tire jack stand as a deadly weapon.

Superior Court Criminal Rule 7(e) states that a "Court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." No Delaware rule or statute directly addresses the amendment of an indictment. However, this Court has addressed the issue in the case of *Keller v. State*, Del.Supr., 425 A.2d 152, 155 (1981).

In the *Keller* case, this Court stated that Delaware's common law rule as to amendment of an indictment coincides with the provisions of Criminal Rule 7(e) as to amendments of an information. *Id.* An indictment may be amended as to matters of form but not substance, so long as "... no new, additional or different charge is made thereby and if the accused will not otherwise suffer prejudice to substantial rights." *Id.* (quoting *State v. Blendt*, Del.Super., 120 A.2d 321, 324 (1956)).

In this case, the nature and description of the instrument used during an

assault is an essential element of the crime of possession of a *deadly weapon* during the commission of a felony. There are important differences between a "tire iron" and the part of a jack which was described as having been used in this case. The indictment described the instrument as a tire iron but the trial testimony revealed it was part of a tire jack stand. The variance between the instrument described in the indictment and the instrument actually used created an ambiguity such that the issue presented to the jury was unclear and caused a guilty verdict to depend on a factual determination not justified by the evidence. Since the nature of the instrument used was at the heart of the deadly weapon charge, the variance and resulting ambiguity could not be corrected by amending the indictment before the verdict and *a fortiori* could not be corrected by amendment after the verdict.[*] Therefore, appellant's substantial rights were prejudiced by the untimely amendment to the indictment. Having found such prejudice, we reverse the conviction of possession of a deadly weapon during the commission of a felony and direct that a judgment of acquittal be entered.

■ As to the assault charge, the exact nature and description of the instrument used during the altercation is not an essential element of the crime. The indictment fairly informed the appellant of the basic charge of assault. Appellant's substantial rights were not prejudiced as to the assault charge by the limited variation between the wording of the indictment and the evidence as to assault and the conviction was not dependent on an amendment to the indictment. The amendment to the indictment after the verdict was harmless error as to that charge.

Appellant contends that the trial court erred by refusing to dismiss the charge of assault second degree. Since the amendment to the indictment after the verdict was harmless error as to the assault charge and appellant has raised no other issue as to that charge, the assault conviction is affirmed.

* There is no authority to amend an indictment or information *after* a verdict.

Having determined that appellant's conviction of possession of a deadly weapon during the commission of a felony must be reversed, we need not consider appellant's remaining contentions as to that charge.

The Superior Court's judgment as to the assault charge is affirmed. The Superior Court's judgment as to the charge of possession of a deadly weapon during the commission of a felony is reversed, and the Superior Court is directed to enter a judgment of acquittal on that charge.