**STATE of Delaware, Plaintiff,**

v.

**John KORNEGAY, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 30, 1989.
Decided: Oct. 31, 1989.

Robert J. O'Neill, Deputy Atty. Gen., Wilmington, for the State.

Nancy J. Perillo, Asst. Public Defender, Wilmington, for defendant.

OPINION

BARRON, Judge.

### I. Background

The defendant was charged in the instant case with two (2) counts of Unlawful Sexual Intercourse in the First Degree and with Kidnapping in the First Degree, all arising out of the alleged rape and kidnapping of Bonwyn Dudley occurring on or about June 25, 1988. The kidnapping charge (Count III in the indictment) alleged that the defendant did "unlawfully restrain one, Bonwyn Dudley, with intent to facilitate his flight following the commission of a felony and did not voluntarily release her alive, unharmed and in a safe place prior to trial." This charge was brought pursuant to 11 *Del.C.*, § 783A(3).

Trial was held before the Court sitting with a jury commencing September 11, 1989 and ending September 20, 1989. The evidence taken together with all reasonable inferences drawn in the light most favorable to the State, showed that the victim, who was highly intoxicated at the time, was accosted by the defendant, who beat her severely about the head and face.

Thereafter, he engaged in or attempted to engage in sexual intercourse with the victim who was at best only semiconscious during the sexual assault. The incident occurred in an alleyway, and, during the course of the incident, a vehicle containing two females approached the scene. After exchanging words with the occupants of the vehicle, the defendant dragged the victim approximately 20 feet to a more private portion of the alleyway. The witnesses informed two passing police officers as to their observations and directed their police cruiser to the immediate crime scene area. One of the police officers observed the defendant, standing over the prostrate body of the victim, place his penis back inside his pants and flee. The defendant was apprehended shortly thereafter. So disoriented was the victim that she was unsure as to whether or not the defendant's penis ever penetrated her vagina.

Near the end of the State's case in chief, the prosecutor moved, pursuant to Super. Ct.Crim.R. 7(e), to amend Count III by striking the words "flight following the" as found in this particular count of the indictment. The Court denied the motion, concluding that an entirely different element of the offense would be charged to the prejudice of substantial rights of the defendant. *Keller v. State*, Del.Supr., 425 A.2d 152 (1981); *Harley v. State*, Del.Supr., 534 A.2d 255 (1987). *See also McDonald v. State*, Del.Supr., 561 A.2d 992 (Holland, J.) (1989) (Order at pp. 14–17).

At the end of the State's case in chief, the defendant moved for a judgment of acquittal regarding the kidnapping charge, contending that the restraint involved was merely incidental to the alleged sexual acts and that the State had failed to make out a *prima facie* case with regard to said charge. The Court found that the restraint involved was independent of and not incidental to the underlying alleged sexual acts and that the State had made out a *prima facie* case and thus denied defendant's motion.

Upon completion of the evidence, the Court analyzed the underlying facts as mandated by *Weber v. State*, Del.Supr., 547 A.2d 948 (1988), and concluded that there was substantial interference with the victim's liberty much more than is ordinarily incident to the underlying crime. I determined that the facts presented in the State's case warranted submitting to the jury the issue as to whether the movement and/or restraint in the alleged kidnapping was independent of and not incidental to the underlying offense.

With regard to Counts I and II, the Court instructed the jury not only with regard to Unlawful Sexual Intercourse in the First Degree, but also on the lesser included offenses of Attempted Unlawful Sexual Intercourse First Degree, Unlawful Sexual Intercourse Third Degree and Attempted Unlawful Sexual Intercourse Third Degree. Pursuant to *Wyant v. State*, Del. Supr., 519 A.2d 649 (1986), the Court gave to the jury the one continuous act charge whereby in order to find the defendant guilty of two counts of Unlawful Sexual Intercourse First Degree or of a lesser included offense as to each count, the jury must find that a separate and distinct offense occurred with regard to each count. Regarding the kidnapping charge, the jury was instructed in accordance with *Weber, supra*.

The jury concluded that the two charges of sexual intercourse constituted but one continuous offense, returning verdicts of guilty under Count I of Attempted Sexual Intercourse First Degree, not guilty as to Count II and guilty as charged under Count III. The defendant now submits that the Court must exercise its responsibility under *Weber, supra*, by vacating the kidnapping conviction and entering a judgment of acquittal under Count III, notwithstanding the jury's verdict of guilt. The Court disagrees.

## II. Discussion

■ Eleven *Del.C.*, § 783A has two requirements. The first is that there be restraint. The second is that the restraint be for one of the unlawful purposes specifically enumerated in the statute. *Weber* at 961.

## A. Restraint

"Restrain is defined, in pertinent part, at 11 *Del.C.*, § 786(a) as follows:

"(a) 'Restrain' means to restrict another person's movements intentionally in such a manner as to interfere substantially with his liberty by moving him from 1 place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent. A person is moved or confined 'without consent' when the movement or confinement is accomplished by physical force, intimidation or deception...."

■ If both rape and kidnapping are charged, a conviction for kidnapping "requires proof of substantial interference with the victim's liberty beyond the interference or restraint that is normally incident to a rape." *Burton v. State*, Del. Supr., 426 A.2d 829, 836 (1981). For sure, some restraint is always involved in a sexual attack. Thus, the use of the word "substantially" in defining restraint means that there must be much more interference than is ordinarily incident to the underlying offense to support a conviction for the separate offense of kidnapping. *Weber v. State, supra. Weber* held that "when a defendant is charged with kidnapping in conjunction with an underlying crime, a specific instruction requiring the jury to find that the movement and/or restraint is independent of an not incidental to the underlying crime is mandatory." *Id.* at 959. The *Weber* Court went on to explain in its opinion on the State's motion for reargument that "[t]o the extent that the term 'independent' has been used in this opinion, it is synonymous with the term 'substantial interference beyond the interference that is normally incident to' an underlying crime...." *Id.* at 962.

■ I conclude that the evidence presented by the State demonstrated beyond doubt that the restraint of the victim constituted a "substantial interference beyond the interference that is normally incident to" the crime of unlawful sexual intercourse or an attempt to commit same. The movement and confinement of Bonwyn Dudley was accomplished by brutal physical force such that the restraint was clearly without the victim's consent. The intentional non-consensual restriction of her movement was a much more substantial interference with her liberty than is ordinarily incident to the underlying crime here charged. Any one of the State's photographic exhibits depicting the victim's face shortly after the incident would support this conclusion.

## B. Unlawful Purpose

■ Here, the State alleged that the restraint was for the unlawful purpose specifically enumerated in 11 *Del.C.*, § 783A (3), to wit: To facilitate the flight of the defendant following the commission of the underlying offense. Not only was there assaultive behavior discussed above, but further, during the course of the underlying crime, the defendant moved the victim approximately 20 feet to a more secluded and private area, thus enhancing his chances of successful flight following the commission of the underlying offense.

That the defendant was, in fact, apprehended following the incident is of no legal consequence. The State need only show that the defendant's actions of restraining the victim were for the purpose of facilitating his flight following his commission of a felony. Viewing the evidence, together with all legitimate inferences therefrom, in the light most favorable to the State, *State v. Biter*, Del.Super., 119 A.2d 894 (1955); *Vouras v. State*, Del. Supr., 452 A.2d 1165 (1982), the defendant's pummelling of the victim combined with his later movement of the victim to a more secluded location surely served this unlawful purpose. The fact that the jury concluded that the two allegations of unlawful sexual intercourse constituted one continuous attempt to commit unlawful sexual intercourse does not change the result, in my view. The restraint still constituted actions reasonably calculated to facilitate his flight following his commission of a felony. The State's case provided "sufficient evi-

dence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### III. Conclusion

In light of the foregoing, defendant's motion for a judgment of acquittal as to Kidnapping in the First Degree must be Denied.

It Is So ORDERED.