JUQUIETA IVERSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 300, 2006.
Supreme Court of Delaware
Submitted: November 14, 2006.
Decided: December 12, 2006.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 12th day of December 2006, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), her attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Juquieta Iverson, was found guilty by a Superior Court jury of Robbery in the Second Degree and Offensive Touching. On the robbery conviction, she was sentenced to 18 months at Level V incarceration, to be suspended for time served with the balance of the sentence to be served at Level III probation. On the offensive touching conviction, she was sentenced to 30 days at Level V incarceration, to be suspended for 6 months of concurrent Level III probation. This is Iverson's direct appeal.
(2) Iverson's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Iverson's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Iverson's counsel informed Iverson of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Iverson also was informed of her right to supplement her attorney's presentation. Iverson responded with a brief that raises two issues for this Court's consideration. The State has responded to the position taken by Iverson's counsel as well as the issues raised by Iverson and has moved to affirm the Superior Court's judgment.
(4) Iverson raises two issues for this Court's consideration. She claims: (a) there was insufficient evidence presented at trial to support her convictions; and (b) her counsel provided ineffective assistance.
(5) The evidence presented at trial was as follows. At approximately 6:00 p.m. on April 25, 2005, Iverson entered the Family Dollar Store on Marrows Road in Newark, Delaware, accompanied by a male companion. Shortly thereafter, a store employee named Kathy Sweilem told the assistant manager, Anna Stigler, that there was a man in the store who was acting suspiciously and should be watched.
(6) Stigler then noticed Iverson and recognized her from having worked with her at Wendy's several years previously. Stigler observed that Iverson was carrying an empty purse with flat sides and a flat bottom. As Stigler and Iverson were talking, the "suspicious" man came up behind Iverson and Stigler realized that he and Iverson were together. The man placed a number of items, including lotion and soap, into a shopping basket and he and Iverson walked away.
(7) Later, as Iverson approached the checkout counter, Stigler noticed that the shopping basket Iverson was carrying had no lotion in it and that her purse was now "bulging." Stigler asked Iverson where the lotion was. Iverson said she had put it back on a shelf and pointed behind her. Sweilem, who was nearby, looked at the area where Iverson said she had placed the lotion, but did not see it. Stigler asked to see what was in Iverson's purse, but Iverson refused to open it.
(8) Stigler followed Iverson to the front door, struggling to take the purse from her. Iverson then pushed Stigler in the face and, telling her male companion to take her purse to the car, exited the store. Outside the store, Sweilem wrote down the make, model and license plate number of the car Iverson got into and gave that information to the New Castle County police. The police were able to locate Iverson several days later and placed her under arrest.
(9) At trial, Stigler confirmed that Iverson was not actually seen stealing items from the store and that no one from the store did an accounting to determine if there were any items missing from inventory. Moreover, a store surveillance tape did not actually show Iverson stealing items from the store.
(10) Iverson's first claim is that the evidence presented at trial was insufficient to support her convictions of second-degree robbery and offensive touching. In reviewing a claim of insufficiency of the evidence, the relevant inquiry for this Court is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] In so doing, we make no distinction between direct and circumstantial evidence.[3]
(11) A conviction of second-degree robbery requires the State to prove beyond a reasonable doubt that " . . . in the course of committing theft, the person uses . . . force upon another person with intent to . . . [p]revent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking . . . ."[4] A conviction of offensive touching requires the State to prove beyond a reasonable doubt that " . . . the person . .. [i]ntentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person . . . ."[5]
(12) The transcript of the trial reflects clearly that there was sufficient evidence presented at trial to support the jury's findings that Iverson had placed the lotion in her purse and intended to leave the store without paying for it, that Iverson struggled with Stigler over the purse, and that Iverson pushed Stigler in the face. We, therefore, conclude that Iverson's first claim is without merit.
(13) Iverson's second claim is that her trial counsel provided ineffective assistance. This Court will not entertain an ineffective assistance of counsel claim for the first time on direct appeal.[6] Because Iverson's claim was not presented to the Superior Court in the first instance, we decline to decide it in this direct appeal.
(14) This Court has reviewed the record carefully and has concluded that Iverson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Iverson's counsel has made a conscientious effort to examine the record and has properly determined that Iverson could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Barnett v. State, 691 A.2d 614, 618 (Del. 1997).
[3] Skinner v. State, 575 A.2d 1108, 1121 (Del. 1990).
[4] Del. Code Ann. tit. 11, § 831(a) (1).
[5] Del. Code Ann. tit. 11, § 601(a) (1).
[6] Wing v. State, 690 A.2d 921, 923 (Del. 1996).