**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 1303014577 |
| v. | ) | |
| | ) | |
| KESLER STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 5, 2014
Decided:  March 12, 2014

Daniel G. Simmons, Esq.
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State*

James O. Turner, Esq.
Assistant Public Defender
900 N. King Street, 2nd Floor
Wilmington, DE 19801
*Attorney for the Defendant*

Dear Counsel:

On February 25, 2014, this matter proceeded to a bench trial, after which the Defendant was convicted on the following charges: Driving under the Influence, Failing to Remain in a Single Lane, and Failure to Have a Registration Card in his Possession. After the close of the State's case-in-chief, defense counsel moved for a judgment of acquittal. The Court denied the motion. Following the verdict, defense counsel renewed his motion of acquittal on the basis that the Information states that the offenses occurred on March 18, 2013, when they actually took place on March 17, 2013. The Court asked the parties to submit short memoranda of law on the

issue of whether the difference in the date set forth in the Information and the actual date of the offenses warrants an acquittal or new trial.[1]

Under the law identified by both parties in the submitted memoranda, Delaware has a well-established rule that a clerical error causes no harm "if the Indictment is sufficiently certain, definite and understandable (1) to enable to defendant to prepare his defense and (2) to enable him to interpose a judgment in this case as a bar to another prosecution for the same offense."[2] The case law referencing errors or amendments in Indictments are applicable to the Information.[3] The purpose of the Indictment or Information is "acquainting the defendant with the offense charged sufficiently to enable him to prepare his defense and to protect himself against double jeopardy."[4] In its renewed motion for the judgment of acquittal, the Defendant has not given the Court any indication that the Information has precluded or prejudiced him in preparing his defense. Rather, the Defendant argues that the phrasing of the date in the Information subjects him to double jeopardy. On the issue of double jeopardy, the Court will look to see if the "[Information] is sufficiently certain and definite to enable the defendant to plead a judgment in this case as a bar to any subsequent prosecution against him that might be attempted for the same offense."[5]

Delaware courts have found that if the clerical error involves a date, and the date is not an essential part of the crime, or if the fact finder is satisfied "that the offense was committed within the period of limitations prior to the finding of the indictment,"[6] that the error does not unduly prejudice the defendant.[7] Conversely, if the error falls beyond the realm of a mistaken date, such as when the Attorney General's Information incorrectly identifies a police officer involved in a charge of resisting arrest, the error may prove prejudicial to the defendant, and must be amended to reflect the proper name.[8]

In this matter, the Information alleged that the offense occurred "on or about March 18, 2013." The record reflects that the events actually occurred prior to midnight on March 17,

---

[1] The Court asked for single simultaneous submissions; however counsel for both parties submitted additional reply memoranda which the Court considered.

[2] *State v. Blendt*, 120 A.2d 321, 323 (Del. Super. Feb. 3, 1956).

[3] *Keller v. State*, 425 A.2d 152, 155 (Del. 1981). "Delaware's common law rule as to permissible amendments of an indictment coincides with Rule 7(e) as to when an information may be amended. Both are designed to afford the accused two protections: (1) notice of the charges against him so that he has an opportunity to prepare an adequate defense and (2) prevention from twice being placed in jeopardy for the same offense." (Citing *Blendt*, 120 A.2d at 323).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 322; *see State v Husser*, 1990 WL 161226 at *2 (Del. Super. Oct. 12, 1990) (finding that an indictment stating that acts occurred "on or about" a date does not prejudice the defendant).

[7] *See Husser*, 1990 WL 161226 at *2; *Monastakes v. State*, 127 A. 153, 154 (Del. Super. 1924).

[8] *State v. Jackson*, 2014 WL 594396 (Del. Super. Jan. 15, 2014).

2013.[9] The Court is satisfied as the fact finder in this matter that the phrase "on or about" sufficiently covers the events on March 17, especially, because the evidence in the record reflects that the offenses took place close to midnight on March 17.

In *Blendt*, the Superior Court found that when "[t]he offense charged is so well identified, it is inconceivable that the erroneous date exposes the defendant to double jeopardy." The Court reasoned that despite the one year difference in the date specified in the Indictment and the actual occurrence of the crime, the Indictment was sufficiently certain and definite to enable the defendant to plead a judgment in the case to bar double jeopardy.

The same reasoning holds true here. The Information was definite enough to allow Defendant to prepare a defense and plead a judgment, and therefore will not subject the Defendant to a risk of double jeopardy. Indeed, the Information made clear: (1) that the Defendant was being charged with offenses that included Driving a Vehicle under the Influence of Alcohol; (2) that the crime took place on Pulaski Highway; and (3) it references the statute that sets forth the elements of the crime. Moreover, the wording of the date in the Information with the phrase "on or about" takes into account a difference of approximately forty (40) minutes between the actual occurrence of the offense and the time alleged. In addition, the date is not an essential element of the charges in this matter.[10]

Defendant argued that the State knew of the "error" in the date prior to trial and thus should have amended the Information before trial commenced. However, the Court finds that under the circumstances present in this case, the "on or about" phrase accurately encompasses the March 17 date. Further, the charging document contains sufficient detail to prevent any possibility of double jeopardy with respect to this matter.

Accordingly, the Court denies Defendant's Motion for Judgment of Acquittal, or alternatively a Motion for a New Trial. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED THIS 12TH DAY OF MARCH 2014.**

The Honorable Sheldon K. Rennie,
Judge

---

[9] Officer Gaffney of the Delaware State Police testified that he was dispatched to an accident with injuries at 11:20pm.

[10] *See Husser*, 1990 WL 161226 at *2.