IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WHITNEY ADDISON, | § | |
| | § | No. 443, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below: Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | ID. No. 1803002841 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 20, 2019
Decided: April 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 18th day of April 2019, upon consideration of the parties' briefs and the record on appeal, it appears that:

(1) A Family Court commissioner found the appellant, Whitney Addison,[1] delinquent by having committed Offensive Touching. A Family Court judge affirmed the commissioner's finding. Addison appeals, her sole claim being that the State violated her right to due process by filing a delinquency petition that was defective because it failed to charge an offense and left her vulnerable to possible subsequent prosecution. She makes three arguments in support of this claim.

---

[1] A pseudonym was assigned pursuant to Supreme Court Rule 7(d).

First, she contends that the petition was defective because it failed to set forth facts that support each element of Offensive Touching. Second, she contends that the defective petition could not have been cured by a bill of particulars. Finally, she contends that the Family Court erred in holding that she waived her right to challenge the sufficiency of the petition when she waived a reading of the petition at her arraignment. We find no merit to Addison's contentions and affirm.

(2) On March 5, 2018, Keishla Montijo was working as a credit coordinator at Lowe's hardware store in New Castle. At approximately 5:30 p.m., Addison and three others approached Montijo from behind. Addison hit her multiple times and pulled her to the floor. Montijo got up and reported the attack to the store's manager, who called the police. The store's security camera system captured the attack.

(3) Addison was charged with being delinquent by having committed Offensive Touching. A Family Court commissioner conducted a bench trial. At the close of the State's case, Addison moved to dismiss the delinquency petition, arguing that it failed to charge an offense. The court denied the motion and held that the petition adequately charged Offensive Touching because it gave a definitive statement of the charge, the date of the offense, and the identity of the victim. After Addison testified and each side gave closing arguments, the court found Addison

delinquent of Offensive Touching. Addison was sentenced to thirty days at Level V, suspended for one year of community supervision.

(4) Addison filed a Request for Review of Commissioner's Order. She presented three objections: (1) her due process right to notice of the charge was violated by the allegedly defective petition, (2) her due process right to be protected against double jeopardy was violated by the State's petition, and (3) the Family Court erred in determining that sufficient evidence existed to justify a finding that Addison had committed Offensive Touching.

(5) The Family Court judge affirmed the commissioner's order. As to Addison's first objection, the court held that the State's petition provided adequate notice by tracking the language of the statute and connecting it to the facts of the case. This holding effectively overruled Addison's second objection. The court explained, "The language of the charge along with the date of the offense and the name of the victim are sufficient to protect [Addison] from double jeopardy."[2] The Family Court judge also rejected Addison's third objection concerning the sufficiency of the evidence.[3]

(6) "We review denial of a motion to dismiss [a petition alleging delinquency] for abuse of discretion."[4] Questions of law and alleged constitutional

---

[2] Appellant's Opening Br. Ex. D, at 2.
[3] Addison has not challenged the sufficiency of the evidence on appeal.
[4] *Pierce v. State*, 911 A.2d 793, 796 (Del. 2006) (citing *State v. Harris*, 616 A.2d 288, 291 (Del.

3

violations are reviewed *de novo*.[5]  "To the extent the trial judge's decision is based on factual findings, we review for whether the trial judge abused his or her discretion in determining whether there was sufficient evidence to support the findings and whether those findings were clearly erroneous."[6]

(7)    Addison contends that the petition was defective because it lacked the necessary elements to support a charge of Offensive Touching and that such defect has left her vulnerable to subsequent prosecution for the same offense.   She further argues that (1) a bill of particulars could not have cured the State's defective petition and (2) her waiver of a reading of the petition at her arraignment was not a waiver of her due process right to challenge the sufficiency of the petition.

(8)    For a petition to adequately charge an offense, it must include "a plain, concise and definite written statement of the essential facts constituting the offense charged."[7]   This requirement serves two purposes: (1) "to put the juvenile [respondent] on full notice of what [s]he is called upon to defend" and (2) "to effectively preclude subsequent prosecution for the same offense."[8]  A petition is sufficient if it fulfills these two purposes,[9] and a charging document is generally

---

1992)).
[5] *Zebroski v. State*, 12 A.3d 1115, 1119 (Del. 2010) (en banc).
[6] *Lopez–Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008).
[7] Fam. Ct. Crim. R. 7(c).
[8] *In re Edward R.R.*, 1993 WL 331877, at *2 (Del. Fam. June 17, 1993); *see also Mayo v. State*, 458 A.2d 26, 27 (Del. 1983) (per curiam) (attributing the same purposes to a criminal indictment).
[9] *In re Edward R.R.*, 1993 WL 331877, at *2; *see also Holland v. State*, 194 A.2d 698, 699-700 (Del. 1963) ("An information or indictment is sufficient if it fulfills the basic purpose of enabling

4

sufficient if it sets forth the offense in the words of the statute and those words themselves set forth all the elements necessary to constitute the offense. [10] However, if a petition lacks a plain statement of the elements or essential facts of the charged act of delinquency, it is defective and should be dismissed.[11]

(9)     Here, in addition to referring to the Offensive Touching statute by its statutory number and providing the street address where the offense occurred, the petition contained the following language:

> [Addison], on or about the 5th day of March, 2018, in the County of New Castle, State of Delaware, did intentionally touch MONTIJO, KEISHLA M, either with a member of her body or with any instrument, knowing that she was thereby likely to cause offense or alarm to that person *by knocking her to the ground*.[12]

The italicized words were crossed out by the prosecutor before presenting the petition to Addison and the court for trial.   Under the statute, a person is guilty of Offensive Touching when that person "[i]ntentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person."[13]

---

the defendant to adequately prepare his defense and protect himself against double jeopardy.").

[10] *Hamling v. United States*, 418 U.S. 87, 117 (1974); *State v. Deedon*, 189 A.2d 660, 662 (Del. 1963).

[11] *In re Edward R.R.*, 1993 WL 331877, at *2 (citing *Harley v. State*, 534 A.2d 255 (Del. 1987)); *see also* Fam. Ct. Crim. R. 12(b)(2).

[12] Appellant's Opening Br. Ex. A.

[13] 11 *Del. C.* § 601(a)(1); *see also Iverson v. State*, 913 A.2d 570, 2006 WL 3598175, at *2 (Del. Dec. 12, 2006) (Table).

(10) Addison argues that the language in the petition does not contain all the elements of Offensive Touching. She argues that the petition does not specify whether she touched the victim with a member of her body or an instrument. She takes particular issue with the State crossing out the factual statement, "by knocking her to the ground." She argues that the petition fails to delineate circumstances suggesting that she knew the alleged touching would likely cause offense or alarm to the victim. For these reasons, she claims, the petition is vague and does not specify every element of the offense. Because the petition is vague and does not specify every element of the offense, she argues, the petition does not preclude subsequent prosecution and creates a "risk of potential double jeopardy."[14]

(11) All of Addison's arguments fail because the petition tracked the statutory language and connected it to Addison's alleged conduct. By doing so, it satisfied the requirements for a sufficient petition.[15] The petition provided her name as the alleged perpetrator, the name of the alleged victim, and the date and location of the alleged offense. An exact identification or description of the instrument or member of body used is not an essential element of the offense.[16] The petition served its purpose of providing Addison with adequate notice of the offense charged.

---

[14] Appellant's Opening Br. at 16, 15-18.

[15] *See Allison v. State*, 148 A.3d 688, 2016 WL 5462439, at *3 (Del. Sept. 28, 2016) (Table).

[16] *See* Fam. Ct. Crim. R. 7(c) ("It may be alleged in a single count that . . . the person charged committed [the offense] by one or more specified means."); *Iverson*, 2006 WL 3598175, at *2 ("A conviction of offensive touching requires the State to prove beyond a reasonable doubt that 'the person intentionally touches another person either with a member of his or her body or with any

6

(12) For these same reasons, the petition has not left her vulnerable to subsequent prosecution in violation of her right not to be subjected to double jeopardy. A petition precludes subsequent prosecution when it contains a plain statement of the facts constituting the essential elements of the offense.[17] Here, the petition precludes subsequent prosecution for the same offense because the petition contained the essential elements of the offense: it cited the statute involved and set forth its actual language, provided the date and location of the alleged offense, named Addison as the alleged perpetrator, and identified the alleged victim. Because the petition was sufficient, the Family Court did not err.

(13) Finally, it is worth noting that although Addison is correct in arguing that a bill of particulars cannot cure a defective petition,[18] the petition here was not defective. The Family Court's holding did not rely upon Addison's failure to request a bill of particulars. The court held that the petition's language was sufficient to provide notice and prevent subsequent prosecution, meaning there was

---

instrument, knowing that the person is thereby likely to cause offense or alarm to such other person.'" (internal alteration and omissions omitted) (quoting 11 *Del. C.* § 601(a)(1))); *cf. Allison*, 2016 WL 5462439, at *3 ("[I]t is sufficient if the information covers any one of the three harms covered by the [child endangerment] statute."); *Harley*, 534 A.2d at 257 ("As to the assault charge, the exact nature and description of the instrument used during the altercation is not an essential element of the crime.").

[17] *See United States v. Debrow*, 346 U.S. 374, 376-78 (1953).

[18] *See Deedon*, 189 A.2d at 663 (explaining that a bill of particulars "may not be used to supply a missing element of the offense in question").

nothing to be cured by a bill of particulars. The court referenced Addison's failure to request a bill of particulars, as well as her waiver of a reading of the petition at her arraignment, in which she acknowledged that she "understood the nature of the accusations made against her," to further demonstrate that Addison had notice of the offense charged.[19] Accordingly, Addison's final two arguments, that (1) a bill of particulars would not have cured a defective petition and (2) her waiver of a reading of the petition at her arraignment was not a waiver of her due process right to challenge the sufficiency of the petition, are unavailing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is **AFFIRMED.**

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[19] Appellant's Opening Br. Ex. D, at 2.